IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT L. PERKINS,

                Plaintiff,                OPINION AND ORDER

  v.

                                        14-cv-388-wmc

JACOB J. LEW, JOHN KOSKINEN,
DEBRA K. HURST, PATRICIA E.
MANES, ROBERT A. BANKS, WILLIAM
A. ROBERTSON, TIMOTHY I.
GUKICK, THOMAS B. WELLS,
JOSEPH H. GALE, KERRY TAYLOR,
and GEROME E. PRIMM,

                Defendants.

---

In this civil action, *pro se* plaintiff Robert L. Perkins alleges that certain federal officials, including United States Tax Court judges, violated his due process rights under the Fifth Amendment in their treatment of tax assessments against him. Perkins did not seek leave to proceed *in forma pauperis*, but rather paid the filing fee in full. Before the court now is plaintiff's motion to amend his complaint to add Elizabeth Crewson Paris, a United States Tax Court Judge, as a defendant. (Dkt. #4.) Because Paris is entitled to absolute immunity, the court will deny Perkins leave. *See Charleston v. Bd. of Trustees of Univ. of Ill. at Chi.*, 741 F.3d 769, 777 (7th Cir. 2013) ("District courts have broad discretion to deny leave to amend where the amendment would be futile." (internal citation and quotation marks omitted)). For the same reasons, the court will also dismiss United States Tax Court Judges Wells and Gale as defendants.[1]

---

[1] If plaintiff had sought leave to proceed *in forma pauperis*, the court would have screened his complaint pursuant to 28 U.S.C. § 1915(e)(2) before issuing summonses, and would

In his original complaint and in his proposed amended complaint, Perkins requests monetary relief for deprivation of his rights. (Proposed Am. Compl. (dkt. #5) ¶¶ 119, 120 (seeking $400,000 in damages against all defendants and $950,000 in punitive damages against Hurst, Gukich, Gale, Primm and Paris).) However, Judges Gale, Wells and Perkins enjoy absolute judicial immunity from claims for damages arising out of their judicial acts. The doctrine of judicial immunity establishes the absolute immunity of judges from damages for all actions taken as part of their judicial (as opposed to executive or administrative) functions, even when they act maliciously or corruptly. *See Mireles v. Waco*, 502 U.S. 9 (1991). This immunity is *not* for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public which has an interest in a judiciary free to exercise its function without fear of harassment by unsatisfied litigants. *Pierson v. Ray*, 286 U.S. 547, 554 (1967).

Here, Perkins alleges that these judges made certain errors in their capacity as judges. (*See, e.g.*, Proposed Am. Compl. (dkt. #5) ¶ 55 (Wells failed to determine that a petition was filed in the wrong court); ¶¶ 62-69 (Gale determined that while he had jurisdiction, he did not find a collection act void, found commencement of the levy while tax liability was under appeal was harmless error, and found plaintiff's challenges to be groundless, etc.); ¶¶ 99-118 (Paris found a valid assessment, determined statute of limitations had not expires, found Perkins had consented to telephonic conference, stated facts contrary to the record, found Perkins' challenges irrelevant, moot or meritless,

---

have at least denied him leave to proceed against Wells and Gale. Defendants also filed a motion seeking dismissal of Wells and Gale for the same reason. (Dkt. #6.) This order moots that motion.

etc.).) As such, all three judges are entitled to absolute immunity. *See Burger v. Gerber*, No. 01-5238, 2001 WL 1606283, at *1 (D.C. Cir. Nov. 20, 2001) (affirming district court's dismissal of complaint against United States Tax Court judge "because as a judge he is entitled to absolute immunity from suits for money damages for all actions taken in his judicial capacity").

ORDER

IT IS ORDERED that:

1) plaintiff's motion for leave to amend his complaint (dkt. #4) is DENIED;

2) defendants Thomas B. Wells and Joseph H. Gale are DISMISSED from this action; and

3) defendants Gale and Wells' motion to dismiss (dkt. #6) is DENIED AS MOOT.

Entered this 11th day of August, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge