IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT L. PERKINS,

                Plaintiff,                      OPINION AND ORDER

           v.                            14-cv-388-wmc

UNITED STATES SECRETARY OF
TREASURY JACOB J. LEW, *et al.*,

                Defendants.

---

     *Pro se* plaintiff Robert L. Perkins has filed a complaint against United States Secretary of Treasury Jacob J. Lew and several officials employed by the Internal Revenue Service that the court will generously construe to arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).   Now pending before the court are defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.   For reasons set forth below, defendants' motions will be granted and this case will be dismissed.

FACTS

     Perkins resides in Stevens Point, Wisconsin.   The named defendants are United States Secretary of Treasury Jacob J. Lew and several other individual defendants employed by the Internal Revenue Service ("IRS"), including Internal Revenue Commissioner John Koskinen, Collection Branch Chief Deborah K. Hurst, Department Manager Patricia E. Manes, Department Manager Robert A. Banks, Accounts Management Director William

M. Robertson, Appeals Team Manager Timothy I. Gukich, Operations Manager Kerry Taylor and Appeals Team Manager Geroma E. Primm.  Perkins also sued two United States Tax Court Judges, Thomas B. Wells and Joseph H. Gale, who were previously dismissed from this suit under the doctrine of absolute immunity.   (*See Order* dated Aug. 11, 2014, dkt. # 9.)

Perkins contends that the defendants deprived him of property without due process of law in violation of the Fifth Amendment to the United States Constitution.   In particular, Perkins contends that IRS employees erred in connection with the assessment of his tax liabilities for the years of 2000 and 2001.   In particular, as a "day trader," Perkins disputed whether certain losses from the sale of securities were eligible for deduction as "short-term capital losses."   The IRS concluded that he was not eligible to treat securities losses as short-term capital losses and denied the tax deduction requested by Perkins. When Perkins's appeal from that determination was rejected, the IRS pursued collection efforts to recover the delinquent taxes that Perkins owed.  Alleging that the defendants also wrongfully initiated collection proceedings against him to recoup unpaid taxes, Perkins now seeks $400,000.00 in "civil damages from all Defendants in their official capacities individually and collectively."   Perkins also seeks punitive damages in the amount of $950,000.00 from defendants Hurst, Gukich and Primm in their personal or individual capacities for their efforts to assess and collect the taxes in dispute.

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be

granted.   Perkins failed to file a response to defendants' motions.   Instead, he submitted a proposed amended complaint, which is nearly identical to the original, but adds one more defendant, Elizabeth Crewson Paris, who as a Tax Court Judge is also entitled to absolute immunity for reasons set forth previously in this case.   (*See Order* dated Aug. 11, 2014, dkt. # 9.)


OPINION

## I.      Standard of Review

In reviewing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), a court accepts as true the well pleaded factual allegations found in the complaint, drawing all reasonable inferences in favor of the plaintiff.   *Center for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014).   The court may also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in the plaintiff's brief opposing dismissal, so long as those facts "are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012).   Moreover, the burden of establishing proper subject matter jurisdiction rests on the party asserting it, typically the plaintiff.   *Muscarello v. Ogle Cnty. Bd of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).

As with a motion under Rule 12(b)(1), a court reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim must construe the complaint in the light most

favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all permissible inferences in his favor. *Fortres Grand Corp. v. Warner Bros. Entertainment Inc.*, 763 F.3d 696, 700 (7th Cir. 2014) (citation omitted).   Pleadings filed by a *pro se* litigant are also entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972).   Nevertheless, to survive a motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   While the court must draw all reasonable inferences and facts in favor of the nonmovant, it "need not accept as true legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quotation omitted).

## II.   **Official Capacity Claims**

Perkins has filed a complaint against several employees of the United States executive branch in their official capacities, alleging violation of the right to due process during tax assessment and collection proceedings.   Defendants move to dismiss these claims under the doctrine of sovereign immunity, which implicates the court's subject matter jurisdiction.

A suit against a government employee in his official capacity is, in effect, a suit against the sovereign. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   As a sovereign,

the United States may not be sued without its consent. *See Bartley v. United States*, 123 F.3d 466, 467 (7th Cir. 1997); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").   In other words, the United States and its agencies, as well as its employees if sued in their official capacities, are immune from suit "unless by statute Congress has expressly and unequivocally waived the government's sovereign immunity." *Barnes v. United States*, 199 F.3d 386, 388 (7th Cir. 1999); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants.").

The United States has not waived sovereign immunity with regard to alleged civil rights or constitutional violations, such as the right to due process.   *See Meyer*, 510 U.S. at 477-78 (concluding that a constitutional tort, such as a violation of the right to due process, does not fit within the waiver of sovereign immunity found in the Federal Tort Claims Act, 28 U.S.C. §  1346(b)); *see also Hagner v. IRS*, 956 F.2d 272, 1992 WL 43536, at *1 (7th Cir. 1992) (unpublished) (noting that the Federal Tort Claims Act, 28 U.S.C. § 2680(c), expressly excludes from waiver actions connected with the assessment or collection of taxes).   Accordingly, the complaint and proposed amended complaint against defendants for actions taken in their official capacities must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.   *See United States v.*

*Testan*, 424 U.S. 392, 399 (1976) ("[E]xcept as Congress has consented to a cause of action against the United States, 'there is no jurisdiction . . . to entertain suits against the United States.'").

### III.    Individual Capacity Claims

Perkins singles out defendants Hurst, Gukich and Primm for alleged personal or individual liability based on their efforts to assess and collect Perkins's unpaid tax liabilities for the years 2000 and 2001.   To the extent that Perkins seeks relief from these defendants in their individual or personal capacities, his claims arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]   Defendants move to dismiss these claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

Perkins complains of improprieties or mistaken calculations in the assessment and collection of his 2000 and 2001 tax liabilities, but these claims were foreclosed by Congress, who created an exclusive, comprehensive administrative scheme to resolve tax-related disputes. *See* 26 U.S.C. § 7422(a) (providing that no suit for recovery of an IRS

---

[1] In *Bivens*, the Supreme Court recognized an implied private cause of action for damages against federal officers alleged to have violated a citizen's constitutional rights.   *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (discussing *Bivens*).   To establish a *Bivens* claim, a plaintiff must show that a constitutional violation has occurred. *Bivens*, 403 U.S. at 395-97; *see also Izen v. Catalina*, 382 F.3d 566, 570 n.3 (5th Cir. 2004) (noting that a *Bivens* action is analogous to a civil rights action under 42 U.S.C. § 1983, with the only difference being that § 1983 applies to constitutional violations by state, not federal, officials) (citation omitted).

tax alleged to have been illegally or erroneously assessed or collected may be maintained until a claim for a refund or credit has been filed with the Secretary of Treasury); *see also Cameron v. IRS*, 773 F.2d 126, 129 (7th Cir. 1985) (taxpayers may not bypass the remedies provided by Congress by bringing a *Bivens* action for damages against Treasury employees); *Haas v. Schalow*, 172 F.3d 53, 1998 WL 904727, at *3 (7th Cir. 1998) (unpublished) (noting that the exclusive, comprehensive administrative scheme created to resolve tax-related disputes precludes a *Bivens* action for damages).

Perkins has already availed himself of these administrative remedies without success.   (*See* Dkt. # 8, Exh. 2, *Perkins v. Comm'r of Internal Revenue*, 129 T.C. 58 (Sept. 13, 2007).)   Specifically, the tax court found that Perkins's challenge to the underlying determination of his tax liabilities was "groundless."   To the extent that Perkins's claims have been resolved against him in Tax Court, therefore, the doctrines of claim and issue preclusion foreclose their being relitigated here.   *See Adams v. City of Indianapolis*, 742 F.3d 720, 735-36 (7th Cir. 2014) (outlining the elements of *res judicata* or claim preclusion and collateral estoppel or issue preclusion); *see also Leavell v. Kieffer*, 189 F.3d 492, 496 (7th Cir. 1999) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Caparaso v. CIR*, 907 F. Supp. 1235, 1239 (N.D. Ind. 1995) (finding a taxpayer lawsuit regarding claims litigated previously in tax court was barred by the doctrine of *res judicata*).

Because Perkins is precluded from renewing issues related to his actual tax liability resolved against him in Tax Court, those claims must be dismissed.   Alternatively, to the extent that these individual defendants are alleged to have made errors in connection with

7

the assessment and collection of Perkins's tax liabilities during the time in question, defendants argue that they are entitled to qualified immunity from Perkins's claims.

"Qualified immunity shields a government official from suit when the official is performing a discretionary function and his conduct does not violate clearly established rights of which a reasonable person would have known." *Sutterfield v. City of Milwaukee*, 751 F.3d 542, 572 (7th Cir. 2014) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Stated another way, qualified immunity protects public servants from liability for reasonable mistakes made while performing their public duties. *See Denius v. Dunlap*, 209 F.3d 944, 950 (7th Cir. 2000).

Construing the complaint in the light most favorable to Perkins as the non-movant, he plainly sues the defendants for actions taken while performing discretionary functions as IRS employees determining and collecting on his tax liabilities.   Perkins does *not* allege that any of the defendants acted outside the scope of their discretionary authority in doing so.   Perkins, who has not even filed a response to the motion to dismiss, does not otherwise show that the defendants violated a clearly established constitutional right during the course of assessing or collecting taxes due and owing.   Specifically, Perkins does not allege that defendants Hurst, Gukich or Primm, individually or collectively, engaged in any conduct in assessing and attempting to collect on his tax liability that was out of the ordinary for an IRS agent, other than pressing for payment of a liability he already disputed and lost in United States Tax Court.   *See* Amended Compl. (kdt. #14) ¶¶ 27, 46-49, 51-54, 75-78, 81-94.)   Thus, the defendants are entitled to qualified immunity from suit

for the claims against them in their individual capacities.   *See Plotkin v. United States*, 465 F. App'x 828, 832-33 (11th Cir. 2012) (finding that IRS agents were entitled to qualified immunity from a *Bivens* claim involving the determination of the plaintiff's civil tax liability).   For this additional reason, the complaint and proposed amended complaint against defendants for actions taken in their individual capacities must be dismissed for failure to state a claim upon which relief may be granted.[2]

ORDER

IT IS ORDERED that:

1. Defendants' motions to dismiss claims against them in their official and individual capacities (dkts. # 10, # 12) are GRANTED and this case is DISMISSED with prejudice.

2. The clerk of court is directed to close this case.

Entered this 30th day of March, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[2] Because the complaint against the defendants in their individual capacity is subject to dismissal for failure to state a claim, the court does not reach their additional arguments regarding the lack of personal jurisdiction and insufficiency of service of process.